IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PATRICIA COLLIER,

*Plaintiff*,

v.

UNUM LIFE INSURANCE OF AMERICA,

*Defendants.*

# COMPLAINT

Plaintiff, Patricia Collier ("Ms. Collier"), by and through her counsel, McDermott Law, LLC, for her Complaint against Defendant Unum Life Insurance of America ("Unum") states, alleges, and avers as follows:

## PRELIMINARY ALLEGATIONS

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, pre- and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. During all relevant timeframes, Plaintiff was an employee of Southern Colorado Clinic

P.C. and during her employment, worked for Southern Colorado Clinic P.C. within the judicial boundaries of the District of Colorado.

3. As an employee of Southern Colorado Clinic P.C., Plaintiff was a participant in an employee benefit plan established by the Southern Colorado Clinic P.C. (the "Plan") which provided, among other benefits, a long-term disability insurance benefit.

4. Defendant Unum Life Insurance of America (Unum) is a Maine Corporation. Unum is registered with Corporation Service Company and conducts business in the state of Colorado.

5. Unum is the insurer of benefits under the group disability long-term disability policy (the "Policy") for Southern Colorado Clinic P.C., and Unum acted in the capacity of a claim administrator.

6. In administering Ms. Collier's claim, Unum acted under an inherent conflict of interest. The bias this created affected Unum's claim determinations.

7. The LTD Policy was "issued in" Colorado as that phrase is defined by Colo. Rev. Stat. § 10-3-1116(8), and is, therefore, governed by Colorado law.

8. Plaintiff is informed and believes the Plan and Policy is an employee welfare benefit plan regulated by ERISA, established by Southern Colorado Clinic P.C., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan and the LTD Policy, Plaintiff is entitled to LTD for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of

9. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)**

10. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set

2

forth herein.

11. At all times relevant, Plaintiff was employed by Southern Colorado Clinic P.C., and was a covered "participant" in and "beneficiary" of the LTD Plan, as those terms are defined by 29 U.S.C. § 1002(7) and (8).

12. The benefits at issue are provided through an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

13. During Plaintiff's employment, Plaintiff became entitled to LTD benefits under the terms and conditions of the LTD Policy. Specifically, while Plaintiff was covered under the LTD Policy, Plaintiff suffered a disability rendering her "disabled" as defined under the terms of the Policy.

14. Pursuant to the terms of the LTD Policy, Plaintiff made a claim to Unum for LTD benefits. Plaintiff's date of disability was on or around September 28, 2021.

15. Plaintiff filed a short-term disability ("STD") claim with Aflac insurance company and was approved throughout the STD period.

16. Plaintiff applied for LTD benefits with Unum on November 29, 2021.

17. By letter dated January 31, 2022, Unum denied Plaintiff's claim for LTD benefits, alleging that Plaintiff had not been continuously disabled through the elimination period.

18. With the assistance of the undersigned counsel, Plaintiff appealed Unum's adverse benefit decision on July 22, 2022. Along with her internal appeal to Unum (and in submissions thereafter), Plaintiff provided evidence of her continued disability.

19. Despite the additional evidence supporting Plaintiff's entitlement to LTD benefits, Unum erroneously and wrongfully continued to uphold its denial of Plaintiff's claim for LTD and benefits.

20. Defendant Plan breached the terms of the LTD Policy. Furthermore, the Defendant violated ERISA in the following respects:

3

(a) Failing to pay LTD benefit payments to Plaintiff when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan and the LTD Policy, as Plaintiff was disabled, had not significantly improved, and was unable to work and was therefore entitled to LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the LTD Plan and LTD Policy for terminating Plaintiff's claim for LTD benefits;

(c) After Plaintiff's claim was denied Unum (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) Failing to adequately and in good faith investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim properly and adequately;

(e) Failing to give significant weight to the SSA's award of SSDI benefits;

(f) Elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers;

(g) Failing to engage in a meaningful dialogue with Plaintiff and her treating medical providers;

(h) Cherry-picking medical records that favored its self-interested denial of Plaintiff's LTD benefits;

(i) Ignoring Plaintiff's complaints of pain, even though they were observed by others including her treating medical providers;

(j) Failing to gather sufficient evidence to demonstrate that Plaintiff's incurable medical conditions had improved to the point that she was no longer disabled and could (for

4

eight hours a day and 40 hours a week) reliably and consistently perform the material duties of any occupation for which was otherwise qualified by education, training, or experience;

   (k)  Placing its financial interests ahead of Plaintiff's interests; and

   (l)  Other acts and omissions likely to be discovered during the course of this litigation.

21. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her LTD benefits by other acts or omissions not alleged in this Complaint, but which may be discovered in this litigation or through additional review of the relevant record.

22. Following the denial of her LTD benefits, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations required of her under the LTD Plan and the LTD Policy.

23. As a proximate result of the Defendants' acts and omissions, Plaintiff has incurred damages for loss of LTD benefits in amounts to be shown at the time of trial.

24. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff has been required to incur attorneys' costs and fees in pursuing this action. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

25. The Defendants' acts and omissions have created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights and to clarify her right to future benefits under the terms of the LTD Plan and the LTD Policy.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Declare that Plaintiff is entitled to LTD benefits under the terms of the LTD Plan and the LTD Policy;

2. Order Defendants to pay all past-due LTD benefits owed under the LTD Policy and the LTD Plan from the date they were denied through the life of such benefits together with interest (both statutory and moratory) on each monthly payment from the date it became due through the date of judgment and until paid in full;

3. Order Defendants to pay Plaintiff's costs of suit, including reasonable attorneys' fees under ERISA § 502(g);

4. Such other and further relief this Court deems just and proper.

Respectfully submitted this 7th day of August 2023,

*s/ Shawn E. McDermott*
Shawn E. McDermott, #21965
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
(303) 964-1900 (fax)
*shawn@mcdermottlaw.net*

Plaintiff's Address:
911 Bluelace Drive
Pueblo, CO 81001